IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Breyan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-3428-BHH |
| v. ) | |
| ) | |
| McCormick Courts, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael A. Breyan's *pro se* ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On August 8, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend. (ECF No. 10.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On August 19, 2024, Plaintiff filed objections to the Report, and the matter is ripe for review. (ECF No. 12.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the Magistrate Judge explained that Defendant McCormick Courts are not "persons" amenable to suit under § 1983. (ECF No. 10.) Furthermore, the Magistrate Judge explained that Plaintiff's allegations fail to allege an actionable constitutional violation under § 1983, as his claims are premised, at least in part, on the flawed assertion that the *nolle prosequi* entered in Plaintiff's criminal proceedings established his innocence and/or the state's lack of evidence against him. In addition, the Magistrate Judge concluded that the McCormick County court did not violate Plaintiff's constitutional right to a jury trial because the court could *not* have proceeded with a jury trial in Plaintiff's criminal proceedings once it was determined that Plaintiff was mentally incompetent to stand trial.

Plaintiff filed a single page of objections, wherein he asserts that the employees of the McCormick County court are the individuals acting under color of state law, and he contends that they violated his Sixth Amendment right to a jury trial. (ECF No. 12.) Importantly, however, nowhere in his objections does Plaintiff otherwise respond to the Magistrate Judge's finding that the complaint fails to allege facts sufficient to state a Sixth Amendment violation.

After *de novo* review, the Court fully agrees with the Magistrate Judge's analysis and

findings, and the Court finds Plaintiff's objections unavailing. As the Magistrate Judge properly explained, part of the Sixth Amendment constitutional guarantees "recognize that a defendant has a constitutional right 'not to be tried while legally incompetent,' and that a State's 'failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." (ECF No. 10 at 6 (quoting *Medina v. California*, 505 U.S. 437, 449 (1992).) *See also Pate v. Robinson*, 383 U.S. 375, 378 (1966) ("A criminal defendant may not be tried unless he is competent.").

Here, the solicitor prosecuting Plaintiff entered a *nolle prosequi* with leave to refile because Plaintiff was found "incompetent to stand trial for the reasons set forth in S.C. Code Ann. § 44-23-410, and unlikely to become competent in the foreseeable future." (*See* Civil Action No. 2:23-cv-4847-BHH-MGB (D.S.C. March 29, 2004, ECF Nos. 5-1, 11, 18-1.) This adjudication does not indicate a concession on the part of the state as to its ability to prove its case; it simply means the prosecutor declared he would not prosecute the case further. And ultimately, the McCormick County court did not violate Plaintiff's right to a jury trial because it could *not* have proceeded with a jury trial in Plaintiff's criminal case once he was found mentally incompetent to stand trial.

**Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 10); the Court overrules Plaintiff's objections (ECF No. 12), and the Court summarily dismisses this action without further leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 27, 2025
Charleston, South Carolina